**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY WILSON

    Plaintiff,

v.                                                               Case No. 06-13164

GOAL FINANCIAL, et al,

    Defendant.
                                               /

**OPINION AND ORDER INTERPRETING PLAINTIFF'S
"REPLY TO ORDER TO SHOW CAUSE"
AS A MOTION FOR RECONSIDERATION AND DENYING THE MOTION**

**I.  INTRODUCTION**

On August 31, 2006, the court dismissed Plaintiff's complaint because he did not respond to the court's August 17, 2006 order to show cause.  Plaintiff specifically failed to address in a timely manner why his complaint should not be (1) dismissed for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) or (2) dismissed or transferred for improper venue.  Plaintiff styles his latest pleading, which was filed on September 25, 2006 (well after the deadline of August 30, 2006), as a "Reply to Order to Show Cause."  The court will instead view this pleading as a motion for reconsideration and, for the reasons stated below, will deny the motion.

**II.  STANDARD**

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR

7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

### III.  DISCUSSION

Plaintiff has demonstrated no palpable defect the correction of which would result in a different disposition of the case.  The sum and substance of Plaintiff's motion for reconsideration is a reiteration of procedural history, a block quotation of Rule 8(a), and citation to Plaintiff's complaint in support of the altogether conclusory statement that Plaintiff met the requirements of Rule 8(a).  (Pl.'s Mot. at 2-4).  Plaintiff did not elaborate upon his "bare-bones" complaint, as this court described that complaint in its order to show cause.  (8/17/06 Order at 2; 8/23/06 Amended Order at 2).  In particular, the court directed Plaintiff to indicate the grounds he had relative to each specific defendant.  (8/17/06 Order at 2; 8/23/06 Amended Order at 2.)  Plaintiff instead cites to the very paragraphs in his complaint that the court found deficient for failing to target allegations against a specific defendant.  (Pl.'s Mot. at 3-4).  The court is again "at a loss to understand the nature of Plaintiff's claims."  (8/17/06 Order at 1; 8/23/06 Amended Order at 1).  It is therefore clear that the court's determination that Plaintiff failed to meet the requirements of Rule 8(a) was not a palpable defect.

Moreover, Plaintiff's response concerning venue is also inadequate.  Plaintiff's motion expanded upon his complaint to the extent that he expressly alleges proper

venue in Flint because he "sustained injury in Flint." (Pl.'s Mot. at 4.) But Plaintiff's alleged injury, that he obtained his credit report in Flint and was rejected for credit in Flint, (*id.*), is in no way connected to any of the defendants. Plaintiff does not state who rejected him for credit and what unlawful activity allegedly happened in Flint. Plaintiff has thus failed to show that the court's venue analysis constituted a palpable defect.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Reply to Order to Show Cause" [Dkt #7], which the court interprets as a motion for reconsideration, is DENIED.


      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  October 19, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 19, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522